**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**LOUISE ARTHUR**                                                                           **PLAINTIFF**

**v.**                                    **3:06CV00031-WRW**

**JO ANNE B. BARNHART,**
**COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION**                                    **DEFENDANT**

<u>**ORDER**</u>

Plaintiff appeals the Social Security Administration Commissioner's decision to deny her

claim for Supplemental Security Income benefits.[1]  Plaintiff challenges the Administrative Law

Judge's ("ALJ") determination that she retained the residual functional capacity to perform unskilled

light work, and, therefore, was not disabled.  Both parties have filed appeal briefs.  In this judicial

review, I must determine whether there is substantial evidence in the administrative record to

support the Commissioner's decision.[2]  For the reason below, the Commissioner's decision is

affirmed.

**I.      Procedural Background**

Plaintiff filed an application for Supplemental Social Security Income on November 21,

2002, claiming that she had been disabled since March 9, 1998, due to a right leg injury and

osteoarthritis in her hands, knees, and upper and lower spine.[3]  After Plaintiff's application was

---

[1]42 U.S.C.A. § 1381a.

[2]42 U.S.C. § 405(g).

[3]Tr. 65.

1

denied on March 11, 2003,[4] she asked for a hearing before an ALJ, who ruled against her on April 26, 2005.[5]   The Appeals Counsel remanded and ordered a second hearing before an ALJ.[6]   The second hearing was held on August 31, 2005.[7]   On December 8, 2005, the ALJ issued a second unfavorable decision.[8]   On March 2, 2006, the Appeals Counsel declined to review the ALJ's decision.[9]   Plaintiff appealed the ALJ's decision by filing a Complaint in this Court on March 6, 2006.[10]

## II.   Summary of the Evidence

Plaintiff, born May 23, 1956, was 46 at the time of her application for Social Security Income benefits, which qualifies her as a "younger person."[11]   She has a high school education and no past relevant work experience.[12]

---

[4]Tr. 37.

[5]Tr. 191-197.

[6]Tr. 198-201.

[7]Tr. 225-240.

[8]Tr. 9-18.

[9]Tr. 8.

[10]Doc. No. 2.

[11]20 C.F.R. § 404.1563(c) (defining younger person as someone under 50).

[12]Tr. 12; *see also* 20 C.F.R. § 404.1565.

Plaintiff was injured in a motor vehicle accident on March 8, 1999, and began experiencing pain in her back, right buttock, and thigh.   An MRI of Plaintiff's lumbar spine showed mild degenerative narrowing of the spinal canal at L3-4 and L4-5, with L5 spondylolysis.[13]

On March 12, 1999, Plaintiff went to Dr. John Flood, D.O., because of constant pain in her lower back, that radiated into her posterior thigh.  Plaintiff rated the pain at 7 on a scale of 10 at the time, and was prescribed medication and physical therapy.[14]

On April 12, 1999, Plaintiff returned to see Dr. Flood.   A second MRI revealed mild degenerative disc disease at L3-4 and L4-S1, with a few millimeters of anterolisthesis at L5-S1, and no herniation.[15]  Dr. Flood recommended injection therapy, traction, and physical therapy.[16]

Plaintiff had an elctrodiagnostic assessment performed on June 28, 2000, by Dr. Carmen Ventocilla.[17]  At the time, Plaintiff maintained that she had not been pain free since the accident; however, her pain level had fallen to a rate of 3 out of 10.[18]  Dr. Ventocilla concluded that the elctrodiagnostic assessment revealed no evidence of a right lumbrosacral radiculopathy, lubosacral

---

[13]Tr. 193 (citing Tr. 176-178); Webster's Medline Plus, *available at* http://www.nlm.nih.gov/medlineplus/mplusdictionary.html, spondylolysis - disintegration or dissolution of a vertebra.

[14]Tr. 181-82.

[15]Tr. 193.

[16]*Id.*

[17]*Id.*

[18]*Id.*

plexopathy,[19] or peripheral neuropathy,[20] as well as no evidence of a right lower extremity acute or chronic L5 radiculopathy[21] or mononeurpathy.[22]

On January 11, 2002, Dr. Idachaba with Michigan Rehabilitation Services indicated that Plaintiff suffered from chronic low back pain and depression.  Based on his findings, Dr. Idachaba suggested that Plaintiff would benefit from a "predominately sit down job the duration of which can be gradually adjusted as the client tolerates."[23]

On February 4, 2003, Dr. H.D. Jones, a consultative examiner with the Disability Determination Services, reviewed Plaintiff's medical history, conducted an examination, and administered testing.[24]  Plaintiff complained of osteoarthritis in her hands, wrists, shoulders, knees, and back.  Dr. Jones found that, although Plaintiff had a wide based and unpredictable gait, she had a normal range of motion in her neck, shoulders, elbows, wrists, hands, ankles, and feet, and only a slightly decreased range of motion in her hips and knees.[25]  Dr. Jones determined that Plaintiff had widespread joint pain exacerbated by obesity.[26]

---

[19]Webster's, *supra*, lubosacral plexopathy - an injured or disordered condition of a plexus.

[20]*Id.*, peripheral neuropathy - a disease or degenerative state (as polyneuropathy) of the peripheral nerves in which motor, sensory, or vasomotor nerve fibers may be affected and which is marked by muscle weakness and atrophy, pain, and numbness.

[21]*Id.*, radiculopathy - any pathological condition of the nerve roots.

[22]*Id.*, mononeurpathy - a nerve disease affecting only a single nerve.

[23]Tr. 111.

[24]Tr. 194.

[25]*Id.*

[26]*Id.*

On December 18, 2003, Dr. Joseph Jeney, another consultative examiner with the Disability Determination Services and licensed psychologist, examined Plaintiff and found:  Plaintiff exhibited good reality testing skills, good judgment and insight, no memory impairment, no psychosis,[27] but she suffered from a major depressive disorder.[28]

After reviewing the above findings, the ALJ noted that none of Plaintiff's treating physicians had found her disabled,[29] and that Plaintiff had sought very little treatment for her ailments, in particular, her pain.[30]  The ALJ observed Plaintiff at the hearing and found her to be coherent, responsive, and not in apparent pain or distress.[31]  Ultimately, the ALJ concluded that Plaintiff's pain was "intermittent, mild to moderate at most, and not of such intensity and persistence that it significantly limits her capacity for work."[32]

III.    Standard of Review

The scope of review of an ALJ's decision is narrow.[33]  The Commissioner's decision  must be affirmed if it conforms to the law and is supported by substantial evidence on the record as a

---

[27]Tr. 147-153.

[28]Tr. 153.

[29]Tr. 16.

[30]*Id.*

[31]*Id.*

[32]Tr. 195.

[33]*Ellis v. Barnhart*, 392 F.3d 988, 993 (8th Cir. 2005); *Bailey v. Apfel*, 230 F.3d 1063, 1065 (8th Cir. 2000); 42 U.S.C. § 405(g).

whole.[34]   Substantial evidence is relevant evidence that reasonable minds might accept as adequate to support the decision.[35]

Substantial evidence "on the record as a whole" requires consideration of the record in its entirety, taking into account both "evidence that detracts from the Commissioner's decision as well as evidence that supports it."[36]   The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial."[37]

In evaluating such, a balancing test is used to assess contradictory evidence.[38]   But, the evidence presented to the ALJ, should not be re-weighed[39] or given a *de novo* review.[40]   Instead, if, after reviewing the evidence and it is "possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, [the court] must affirm the [Commissioner's] decision."[41] The Administrative Law Judge concluded that Plaintiff had a residual

---

[34]*Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 729 (8th Cir. 2003); *Qualls v. Apfel*, 158 F.3d 425, 427 (8th Cir. 1998).

[35]*Hunt v. Massanari*, 250 F.3d 622, 623 (8th Cir. 2001).

[36]*Cox v. Barnhart*, No. 06-2226, 2006 WL 3751503, *3 (8th Cir. Dec. 22, 2006).

[37]*Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003).

[38]*Sobania v. Secretary of Health & Human Serv.*, 879 F.2d 441, 444 (8th Cir.1989) (citing *Steadman v. S.E.C.*, 450 U.S. 91, 99 (1981)).

[39]*Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir.1995)).

[40]*Roe v. Chater*, 92 F.3d 672, 675 (8th Cir.1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)).

[41]*Id*. (quoting *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir.1992).

functional capacity for unskilled light work[42] that would allow her to sit, stand, or move about at her option.[43]

The burden rests with a claimant to prove her disability by establishing a physical or mental impairment lasting at least twelve months that prevents her from engaging in any substantial gainful activity.[44] A claimant must provide medical findings that support each of the criteria for the equivalent impairment determination.[45]

Section 423(d) of the Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[46] A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."[47]

---

[42]20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.").

[43]Tr. 16, 237.

[44]*Baker v. Apfel*, 159 F.3d 1140, 1143 (8th Cir. 1998).

[45]*Anderson v. Apfel*, 996 F. Supp. 869 (E.D. Ark. 1998).

[46]42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505.

[47]42 U.S.C. § 432(d)(2)(A).

**IV.    Discussion**

The ALJ considered Plaintiff's impairments under the required five-step sequential evaluation process.[48]   First, he found that Plaintiff had not engaged in substantial gainful activity since filing her application.[49] Second, the ALJ found that, based on the medical evidence, Plaintiff's osteoarthritis and depression are "severe."[50]

Third, the ALJ found that Plaintiff's osteoarthritis and depression did not create an impairment or combination of impairments that met or equaled a listing.[51]

The fourth step required the ALJ to determine whether Plaintiff had sufficient residual functional capacity, despite her impairment, to perform her past work.   The ALJ then concluded that Plaintiff retained the residual functional capacity to perform unskilled light work.[52]   The ALJ explained that even though Plaintiff had  "significant limitations in her capacity for heavy lifting, carrying, and prolonged standing and sitting," her past work as an on-line minister, cashier, and fast food supervisor were all within her limited abilities.   Based on the above, the ALJ found that Plaintiff does not suffer from a "disability" as defined in the Social Security Act.[53]

---

[48]20 C.F.R. § 404.1520.

[49]Tr. 17.

[50]20 C.F.R. § 416.920(c).

[51]Appendix 1, Subpart P, Regulations No. 4.

[52]Tr. 17.

[53]Tr. 18, *see also* 20 C.F.R. §§ 404.1520(f) and 416.920(f).

Plaintiff suggests that the hypothetical posed to the vocational expert, Elizabeth Clem, was inadequate as it failed to include her disabling pain.[54]  The hypothetical was sufficient, however, because it set forth all impairments found credible by the ALJ, including her obesity.[55]  Ms. Clem was asked to consider an individual of Plaintiff's age, education, and work experience, who had the the following limitations: lift and carry 10-15 pounds, sit and stand less than 6 hours in an 8 hour day with alternate sitting and standing.[56]  Based on that hypothetical, Ms. Clem stated that Plaintiff could perform unskilled light work where she would be able to alternate sitting and standing, such as a cashier, and that there were roughly 3,000 such jobs available in Arkansas.[57]

An ALJ may discredit subjective complaints of pain if they are inconsistent with the record as a whole.[58]

> The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: 1) the claimant's daily activities; 2) the duration, frequency and intensity of the pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; 5) functional restrictions.[59]

The ALJ noted that Plaintiff has required only conservative treatment for her pain, namely taking hot showers and taking over-the-counter pain medications such as Motrin and Aleve.[60]

---

[54]*Wilson v. Charter*, 76 F.3d 238 (8th Cir. 1996).

[55]*House v. Shalala*, 34 F.3d 691, 694 (8th Cir. 1994).

[56]Tr. 237.

[57]Tr. 237.

[58]*Barry v. Shalala*, 885 F. Supp. 1224, 1223 (N.D. Iowa 1995).

[59]*Id.* (citing *Polaski v. Heckler*, 739 F.2d 1320, 1321-22 (8th Cir. 1984)).

[60]Tr. 99.

9

Plaintiff had sought very little treatment and opted to "learn to live with pain rather than take meds."[61]  Based on the evidence, the ALJ determined that Plaintiff's pain is "intermittent, mild to moderate at most, and not of such intensity and persistence that it significantly limits her capacity for work."[62]

Furthermore, the ALJ noted that allegations of disabling pain may be discredited by evidence of daily activities inconsistent with alleged level of pain.[63]  Despite Plaintiff's depression, the record shows that she had good friends, who visit and take her out to eat occasionally.[64]  Plaintiff takes care of her daily personal needs, reads for up to two hours at a time, plays video games, cooks from time to time, and can walk up to six blocks to go to the store.[65]

The ALJ remarked that "none of the claimant's examining physicians have opined that she is disabled by her impairments or their symptomology."[66]   In response, Plaintiff cites *Hutsell v. Massanari*, which held,

> [a] treating doctor's silence on the claimant's work capacity does not constitute substantial evidence supporting an ALJ's functional capacity determination when the doctor was not asked to express an opinion on the matter and did not do so, particularly when that doctor did not discharge the claimant from treatment."[67]

---

[61]Tr. 148.

[62]Tr. 195.

[63]*Gray v. Apfel*, 192 F.3d 799, 804 (8th Cir. 1999).

[64]Tr. 14.

[65]Tr. 90-1.

[66]Tr. 194.

[67]259 F.3d 707, 712 (8th Cir. 2001).

However, Plaintiff ignores Dr. Idachaba's findings in which he stated that Plaintiff could work in a predominately sit-down job.  Moreover, the record shows that Plaintiff can sit six hours in an eight hour day;[68] and when asked whether she thought she could work a full week in a sit-down job that allowed her to stand occasionally, Plaintiff replied that she didn't know whether she would be able to work full time, but that she would give it a chance.[69]

**V.      Conclusion**

After careful consideration of the record as a whole, the ALJ's decision was supported by substantial evidence and is AFFIRMED.

IT IS SO ORDERED this 17th day of January, 2007.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[68]Tr. 140.

[69]Tr. 229-230, 234-235, 238.